**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Eutopia Williams, | Case No. 2:25-cv-4617-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Charleston County Housing and Redevelopment Authority and Angela Childers, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 25), recommending that Defendants' motion to dismiss (Dkt. No. 21) be denied.  The parties were advised that a failure to timely file written objections to the R & R would result in limited clear error review and waiver of the right to appeal the District Court's order. (*Id*. at 7). No objections were filed.

**Legal Standard**

A.  Review of Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See*

1

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

B.  Pro se Litigants

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

C.  Rule 12(b)(6) Motions to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Williams v. Preiss-Wal Pat III, LLC*, 17 F.Supp.3d 528, 531 (D.S.C. 2014). All allegations are assumed to be true and all reasonable inferences are read in favor of the nonmoving party. *E.I. Dupont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). A motion to dismiss should not be granted so long as the nonmoving party has asserted a claim that has "more than a conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 511 (4th Cir. 2015).

**Discussion**

Plaintiff brought this action pro se alleging discrimination in violation of the Americans with Disabilities Act (ADA) against her former employer, Defendant Charleston County House and Redevelopment Authority, and its Chief Executive Officer, Defendant Angela Childers. (Dkt.

2

No. 1). Plaintiff asserts that Defendants failed to accommodate her disability, an autoimmune disease, which was negatively impacted by the presence of mold in the workplace.

Defendants moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the filing of Plaintiff's complaint was untimely, service on the Defendants was untimely, and an alleged claim based on a failure to provide her a termination notice was subject to dismissal for failure to state claim upon which relief could be granted. (Dkt. No. 21). The Magistrate Judge, in a thorough R & R, recommended that the motion to dismiss be denied, finding (1) the filing of the complaint was timely; (2) service on the Defendants was timely after the Court granted an extension of time to serve Defendants; and (3) the only claim asserted by Plaintiff was under the ADA and there is not a separate claim arising from a failure to provide a termination notice. (Dkt. No. 25 at 4-7). No objections were filed to the R & R.

The Court finds that the Magistrate Judge ably summarized the factual issues in this matter and correctly concluded that Plaintiff's complaint should not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Consequently, the Court adopts the R & R of the Magistrate Judge (Dkt. No. 25) as the order of the Court and denies Defendants' motion to dismiss. (Dkt. No. 21).

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 6, 2026
Charleston, South Carolina